IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA**

        **Plaintiff,**                                            Case No. 04-20120 JWL

**v.**

**EDGAR ILLESCAS,**

        **Defendant.**

## MEMORANDUM AND ORDER

Defendant Edgar Illescas pled guilty on January 3, 2005, to conspiracy with intent to distribute more than 100 kilograms of marijuana and possession with intent to distribute more than 60 kilograms of marijuana. Following the release of a Presentence Investigation Report and briefing by the parties on the issue of sentencing, the court sentenced Mr. Illescas to a 60-months term of imprisonment on March 28, 2005.

This matter comes before the court on Mr. Illescas's motion to modify or vacate his sentence under 28 U.S.C. § 2255 on two grounds. First, he argues that he received ineffective assistance of counsel at sentencing because his attorney refused to argue for application of the safety valve, which would have reduced the sentence imposed below the mandatory minimum of 60 months. As explained below, the court will hold an evidentiary hearing to further explore this allegation, and the court takes this allegation under advisement for the time being. Second, Mr. Illescas contends that he has not been credited by the Bureau of Prisons for time served

in state custody pending his transfer to federal custody. As explained below, this contention is premature, and denied, as a matter of law.

## LEGAL STANDARD FOR A § 2255 MOTION

Title 28 U.S.C. § 2255 entitles a prisoner to relief "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id*. A § 2255 motion is not a substitute for appeal and therefore relief is not available merely because of error that may have justified reversal on direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *United States v. Addonizio*, 442 U.S. 178, 184 (1979).

Rather, relief under § 2255 is warranted only for jurisdictional or constitutional claims or errors that reveal "a fundamental defect which inherently results in a complete miscarriage of justice." *Addonizio*, 442 U.S. at 185 (internal quotation omitted); *accord Davis v. United States*, 417 U.S. 333, 346 (1974) (same). "The standard of review of Section 2255 petitions is quite stringent," and "[t]he court presumes that the proceedings . . . were correct." *United States v. Nelson*, 177 F. Supp. 2d 1181, 1187 (D. Kan. 2001)(citing *Klein v. United States*, 880 F.2d 250, 253 (10th Cir. 1989)). "To prevail, [the] defendant must show a defect in the proceedings which resulted in a 'complete miscarriage of justice.'" *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). The court must hold an evidentiary hearing on a § 2255 motion "'[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Galloway*, 56 F.3d 1239, 1240 n.1

(10th Cir. 1995) (quoting § 2255).

## Discussion

**1.     Ineffective Assistance of Counsel at Sentencing**

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. Under *Strickland*, Mr. Illescas must first demonstrate that his counsel's performance "fell below an objective standard of reasonableness." *Id.* at 688. "In applying this test, we give considerable deference to an attorney's strategic decisions and 'recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Bullock v. Carver*, 297 F.3d 1036, 1044 (10th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690).

Second, Mr. Illescas "must show that counsel's deficient performance prejudiced the defense . . . ." *Le v. Mullin*, 311 F.3d 1002, 1024-25 (10th Cir. 2002). Under this prong, Mr. Illescas must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 1025 (quoting *Strickland*, 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bullock*, 297 F.3d at 1044. The court "may address the performance and prejudice components in any order, but need not address both if [Mr. Illescas] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998). In sum, Mr. Illescas bears the burden to expose "'the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment.'"

*Anderson v. Attorney General of Kansas*, 425 F.3d 853, 859 (10th Cir. 2005) (quoting *Strickland*, 466 U.S. at 690).

In arguing that he received ineffective assistance of counsel, Mr. Illescas primarily alleges that his counsel abandoned pursuing the safety valve exception at sentencing on March 28, 2005, despite repeatedly assuring Mr. Illescas that he would be sentenced far below the mandatory minimum term of 60 months. Initially, Mr. Illescas contends that he was in fact eligible for the safety valve exception under USSG §§ 5C1.2 and 2D1.1(b)(6) because he had fully cooperated with the government. The Tenth Circuit has outlined the necessary showing for a defendant to qualify for the safety valve exception at sentencing:

> Safety valve relief refers to statutory and guideline authority for the sentencing court to sentence beneath a statutory mandatory minimum sentence. 18 U.S.C. § 3553(f); USSG § 5C1.2. The language of § 2D1.1(b)(6) permits a two-level decrease in offense level if the defendant meets all of the prerequisites of § 5C1.2. The disputed prerequisite is stated in subsection (a)(5):
>> not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

*United States v. Collins*, 97 Fed. Appx. 918, *10-11 (10th Cir. 2004) (citations omitted).

A critical inquiry is whether Mr. Illescas, prior to sentencing, "truthfully provided to the government all relevant information and evidence [he] has concerning the offense." *Id.* at *11 (quoting USSG § 5C1.2(a)(5)). Mr. Illescas contends that his counsel did not even attempt to investigate or prepare a legal or factual response to the government's assertion that

he did not fully cooperate before sentencing. He also faults his attorney for not seeking a continuance in order to adequately examine the government's evidence of Mr. Illescas's alleged failure to fully cooperate.

The record reveals that the government adamantly opposed Mr. Illescas's request for the safety valve exception. The government's letter to Mr. Illescas's counsel dated March 25, 2005, and its sentencing memorandum to the court articulate its belief that Mr. Illescas withheld information concerning his confederates' drug trafficking. Mr. Illescas's counsel, by way of affidavit, states that he did not pursue the safety valve exception at sentencing on March 28, 2005, because he believed that his client would perjure himself if called to testify. As a result, his counsel alleges, Mr. Illescas would then have risked an obstruction of justice enhancement, as well as the loss of his downward departure for acceptance of responsibility. Thus, counsel states that he strategically opted not to pursue the safety valve exception for his client at sentencing on March 28, 2005, and that he made a reasoned and informed decision not to do so.

Mr. Illescas, in sharp contrast, alleges that his counsel never investigated the government's evidence concerning his alleged failure to be absolutely truthful with the government. He contends that he was misled by his attorney and that he wanted to argue for application of the safety valve exception. In support, he alleges that his attorney did not consult with him nearly half as much as his attorney reported, and that his attorney completely failed to consult with him on March 24, 2005, which his attorney flatly denies. In essence, Mr. Illescas contends that his attorney simply avoided the more difficult route of arguing that his

client was entitled to the safety valve exception, instead opting to agree to the court's 60-month mandatory minimum sentence.

Mr. Illescas's factual allegations potentially constitute a cognizable ineffective assistance of counsel claim if, as Mr. Illescas alleges, his counsel failed to investigate in any manner the government's evidence before deciding that it would be imprudent to argue for application of the safety valve exception. *See Battenfield v. Gibson*, 236 F.3d 1215, 1226 (10th Cir. 2001) ("Unquestionably, counsel's obligation to conduct reasonable investigations extends to matters related to the sentencing phase of trial."); *Metoyer v. Scott*, 2003 WL 21716429, * 3 (10th Cir. 2003) ("It is settled that 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'") (quoting *Strickland*, 466 U.S. at 691). Although counsel is heavily presumed to have acted reasonably, counsel is nevertheless obligated to perform some degree of investigation before deciding whether a possible claim or defense is untenable:

> [I]nformed "strategic or tactical decisions on the part of counsel are presumed correct, unless they were completely unreasonable, not merely wrong." This "virtually unchallengeable" presumption of reasonableness operates only where it is shown (1) that counsel made a strategic decision and (2) that the decision was adequately informed. If counsel was not adequately informed, the strategic decision was reasonable only to the extent that counsel's decision not to investigate fully the law and facts possibly relevant to the defense was a "reasonable professional judgment." "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments."

*Anderson*, 425 F.3d at 859 (internal citations omitted).

The conflicting assertions of Mr. Illescas and his attorney present a factual issue that must be resolved through an evidentiary hearing. *See United States v. Garrett*, 402 F.3d 1262,

1266-67 (10th Cir. 2005) (instructing that a factual dispute in the realm of section 2255 triggers the need for an evidentiary hearing). Whether and to what degree counsel investigated and evaluated the evidence of Mr. Illescas's alleged failure to fully cooperate with the government before sentencing is an issue of fact to be examined at the hearing.[1]

**2.     Federal Credit for Time Served in State Custody**

The second contention in Mr. Illescas's section 2255 motion is that he is entitled to credit for the approximately one month he served in state custody before federal charges were filed in this matter and he was transferred to federal custody. The Presentence Investigation Report indicates that he was arrested by state officials on August 2, 2004, and was later transferred to federal custody on August 31, 2004. Thus, he moves to have this time credited by the Bureau of Prisons.

It is clear, however, that Mr. Illescas must first exhaust the available administrative remedies before seeking judicial review. *See, e.g.*, *Buchanan v. U.S. Bureau of Prisons*, 2005 WL 1168443, *2 (10th Cir. 2005) ("We also agree with the district court that Petitioner failed to exhaust administrative remedies as to the unspecified claim for 160 days' credit."); *United States v. Thomas*, 1994 WL 476271, *2 (D. Kan. 1994) ("The remedy of the defendant is to pursue and exhaust his administrative remedies with the Attorney General before seeking

---

[1] Mr. Illescas is entitled to have counsel appointed for the evidentiary hearing. *See Swazo v. Wyo. Dep't of Corr. State Pen. Warden*, 23 F.3d 332, 333 (10th Cir.1994) ("[T]here is a right to counsel in a habeas case when the district court determines that an evidentiary hearing is required."); *United States v. Ringer*, 2005 WL 1666105, *4 n.3 (10th Cir. 2005) (same). The court will appoint counsel in a separate order.

judicial review."). Consequently, because he has not done so, his motion in this forum is premature at this time. His motion to modify his sentence based on this second contention is therefore denied without prejudice as a matter of law.

### Conclusion

As explained above, the court will appoint counsel for Mr. Illescas and will hold an evidentiary hearing at a date to be determined on the issue of whether Mr. Illescas received ineffective assistance of counsel based on his counsel's decision not to pursue the safety valve exception at sentencing on March 28, 2005. The separate contention of receiving credit from the Bureau of Prisons for time served in state custody, however, is denied as premature as a matter of law.

**IT IS THEREFORE ORDERED BY THE COURT** that Mr. Illescas's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 based on ineffective assistance of counsel at sentencing is retained under advisement pending an evidentiary hearing that will be scheduled by separate order.

**IT IS SO ORDERED** this 3rd day of April, 2006.

                                                    s/ John W. Lungstrum
                                                  John W. Lungstrum
                                                  United States District Judge